UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID SMELSER, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>-v-<br><br>MARTIN'S FAMOUS PASTRY SHOPPE, INC.,<br><br>Defendant. | Civil Case No. 3:17-cv-01813-MPS<br><br><br><br>January 6, 2020 |

**DECLARATION OF DUSTIN W. MASSIE**

Now comes the declarant, Dustin W. Massie and states as follows:

    1.    I am an attorney with the law firm Baillon Thome Jozwiak & Wanta LLP ("BTJW") representing Plaintiff David Smelser ("Plaintiff") in this action.

    2.    In accordance with the Settlement Agreement, the Parties agreed that Plaintiff's counsel will make, and Defendant will not oppose, an application to the Court for an award of attorneys' fees and out-of-pocket costs and expenses in an amount not to exceed $175,000.

    3.    I submit this Declaration in support of Plaintiff's Fee Petition for the agreed-upon amount.

    4.    I have reviewed the work in progress and the original time records for BTJW's work on behalf of Plaintiff in this action. The work for which Plaintiff seeks attorneys' fees was actually performed by me, Shawn J. Wanta, and members of BTJW for the benefit of Plaintiff and the Settlement Group and was necessarily for the proper representation of Plaintiff and the Settlement Group.

1

5. The expenses for which Plaintiff seeks costs and disbursements were actually incurred for the benefit of Plaintiff and the Settlement Group and were necessary for the proper representation of Plaintiff and the Settlement Group.

6. Attached hereto as **Exhibit A** is a true and accurate copy of the invoice for all of BTJW's work on behalf of Plaintiff through January 6, 2020. The invoice sets forth a description of each item of work performed, the date upon which each item of work was performed, the amount of time spent on each item of work, the identity of the lawyer, paralegal or legal assistant who performed each item of work, and the hourly rate sought for each item of work performed.

7. The current hourly rates customarily charged to clients of BTJW for class and collective actions are as follows:

   a. Shawn J. Wanta    $650
   b. Dustin W. Massie  $450
   c. Hans Lodge        $380
   d. Paralegals        $190-$200
   e. Legal Assistants  $90

8. Having researched prevailing rates in FLSA collective action settlements in the District of Connecticut, and in consultation with local counsel, BTJW decided to request its reduced rates as detailed below. These following rates are in line with the rates charged by attorneys for similar work within the district and have been used to calculating the lodestar in the present action:

   a. Shawn J. Wanta    $475
   b. Dustin W. Massie  $375
   c. Hans Lodge        $300

   d. Paralegals  $190-$200

   e. Legal Assistants $90

  9. Attached hereto as **Exhibit B** is a true and accurate copy of the "Project Costs" document for BTJW's work on behalf of Plaintiff, which sets forth a detailed itemization of all amounts sought for disbursements and expenses, including the rate for which any disbursements are charged, through January 6, 2020. I verified that the amounts sought for disbursements and expenses, which are set forth in detail in **Exhibit B**, represent the actual cost to BTJW. These costs include expenses related to filing fees, mediation, photocopies, and postage. All of these costs were necessary and reasonably incurred to bring this case to a successful conclusion

  10. In total, BTJW spent 423.57 hours litigating this case through January 6, 2020, resulting in $155,967.00 in attorneys' fees and $7,302.46 in costs and disbursements. This is in addition to the fees and costs incurred by Hayber, McKenna, & Dinsmore, LLC.

  11. Plaintiff's request for attorneys' fees reflects only the essential time and labor expended in litigating Plaintiff's claims. After the substantive terms of the Settlement were established, the Parties exchanged several versions of the Agreement and the exhibits. The Parties also conducted multiple teleconferences to discuss the details of the Settlement Agreement and the exhibits. Once the Agreement was finalized, Class Counsel performed all of the briefing and filing related to the joint motion for Preliminary Approval of the Settlement. After the Court preliminarily approved the Agreement and directed notice to the Settlement Class, Class Counsel collaborated with Martin's counsel to effectuate the Notice Program. Specifically, Class Counsel handled the assembly of each of the individualized notice documents and disseminated notice to all proposed Settlement Group Members. In addition, Class Counsel fielded questions from Settlement Group Members regarding the Settlement. Finally, Class

Counsel performed all of the briefing and filing related to the Parties' joint motion for Final Approval of the Settlement, and Class Counsel's work will not end upon Final Approval. Indeed, Class Counsel will oversee the Settlement claims administration process and continue to respond to questions and correspondence from Settlement Group Members. Accordingly, Plaintiff seeks reimbursement for attorneys' fees that were necessarily incurred in achieving a successful settlement of Plaintiff's claims.

12. BTJW represented Plaintiff on a contingency-fee basis and, as a result, worked on the case without pay for more than a year. Plaintiff's attorneys took on the case at great risk—a risk well known to the Defendant. Where attorneys represent clients pursuant to contingency-fee arrangements, they may go months or years without being paid anything for their work. This has a practical effect on the operation of law firms, which have employees, office space, and other costs that are necessary for them to adequately litigate against businesses, including government, that have exponentially greater resources. BTJW takes on the risks associated with representing clients pursuant to contingency-fee arrangements, in large part, based on its reliance that courts will enforce the fee-shifting provisions of the statutes.

13. If fee-shifting statutes are not enforced by the courts, many attorneys would be unable or unwilling to represent plaintiffs in these types of cases, which are often less desirable because the damages at issue are not exceptionally large and because a huge commitment of time and financial resources is required. Absent fee-shifting provisions, many individuals suffering retaliation for engaging in protected activity would go without representation or redress and a significant deterrent against discrimination would no longer exist.

14. Class Counsel are well-respected members of the bar and experienced litigators in the field of wage and hour collective action litigation.

15. I am an attorney licensed to practice law in the State of Minnesota, the State of Washington, the U.S. District Court for the Southern District of Illinois and the U.S. District Court for the District of Minnesota. I received my Juris Doctor degree from the University of Minnesota Law School in 2013 where I received a concentration in Labor and Employment Law. Currently, I am an associate at BTJW where I work exclusively on behalf of employees in labor and employment litigation. Prior to becoming an associate at BTJW, I was a summer associate and then a full-time associate at Halunen Law from May 2012 to November 2015 where I practiced employment law and represented consumers in nation-wide class action litigation.

16. Over the last 5 years I have handled numerous employment matters at all stages of litigation including arguing numerous motions before state and federal courts and co-chairing a case through trial. I have been involved in the mediation and negotiation of numerous settlements of employment cases and I understand the complexity and costs associated with pursuing collective action litigation. I have been selected as a "Rising Star" by SuperLawyers since 2017. I have authored and published articles and regularly speak on employment law issues. I am a member of the National Employment Lawyers Association and the Minnesota Chapter of the National Employment Lawyers Association. In 2018 I was recognized by Minnesota Lawyer as an "Up & coming Attorney" for my work in Employment Law as well as my engagement with and contributions to various state and federal bar organizations.

17. My current hourly rate for national class and collective action cases is $450.00 per hour. My reduced hourly rate and the rate charged for single plaintiff employment cases is $375.00 per hour. Based upon my knowledge and experience of the legal market and of attorneys doing comparable work, my hourly rates are reasonable and in accordance with the hourly rates charged by my colleagues for similar work. My hourly rate for single-plaintiff employment cases

in Minnesota has been recently approved: *Johnson v. Dakota County*, No. 19HA-CV-19-73 (Dist. Ct. Minn. Dec. 17, 2019).

19. As detailed in the Settlement Agreement, Defendant has agreed it will not oppose an incentive award to Plaintiff David Smelser in the amount of $2,500. Plaintiff has played an essential role throughout the duration of this action by assisting Class Counsel in providing evidence and gathering facts for the case, collecting documents to assist in negotiating a favorable settlement; and staying abreast of the litigation and settlement negotiations. Plaintiff's contributions were essential in obtaining recovery for the class and vindicating their rights.

Dated: January 6, 2020                     _s/Dustin W. Massie__
                                            Dustin W. Massie