UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID SMELSER, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>-v-<br><br>MARTIN'S FAMOUS PASTRY SHOPPE, INC.,<br><br>Defendant. | Civil Case No. 3:17-cv-01813-MPS<br><br>January 28, 2020 |

### ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF COLLECTIVE ACTION SETTLEMENT

WHEREAS Plaintiff David Smelser, individually and on behalf of each of the Settlement Group Members, through his attorneys, has executed and filed the Settlement Agreement with the Court;

WHEREAS on November 6, 2019, the Court entered an Order Preliminarily Approving the Collective Action Settlement, Conditionally Certifying the Settlement Group for settlement purposes only, pursuant to section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), directing Notice to all proposed Settlement Group Members, appointing Class Counsel to represent the Settlement Group, and scheduling a Final Approval Hearing for January 27, 2020. [Dkt. No. 62.]; and

WHEREAS the Court held a Final Approval Hearing on January 27, 2020, at which all interested Persons were given the opportunity to be heard; the Court having heard and considered all submissions in connection with Plaintiff's Unopposed Motion for Final

Approval of Collective Action Settlement, the lack of opposition from Defendant, the lack of objections filed by Settlement Group Members; and all other relevant factors.

THE COURT HEREBY FINDS AND CONCLUDES:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein.

2. Plaintiff filed this action alleging Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by misclassifying its bakery distributor drivers ("Distributors") as independent contractors, thereby depriving the Distributors of overtime premium pay to which they are entitled under the FLSA. At all times, Martin's has denied Plaintiff's allegations.

3. The Settlement Group was conditionally certified by the Court's Preliminary Approval Order defined as:

> All individuals who: (i) are a party to a Distributor Agreement with Martin's, either individually or as a majority owner of a business entity that distributes Martin's products, and (ii) primarily service the route(s) owned during a Covered Period (from August 6, 2017 through August 3, 2019), and (iii) have not signed an agreement that provides for mandatory arbitration, and (iv) have worked more than 40 hours in at least one work week during the Covered Period according to the delivery ticket analysis completed by Defendant. Excepted from this definition are all distributors working in the New York City Metro.

4. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Settlement Group Members (as defined above), including, without limitation, jurisdiction to approve the proposed Settlement, grant final certification of the Settlement Group, and dismiss this Action with prejudice.

5. The Court finds that, for purposes of approving and effectuating the Settlement embodied in the Agreement, and only for such purposes, the prerequisites for certifying this Action as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216 (b) have been met, in that the Settlement is fair, reasonable, adequate and in the best interest of the Plaintiff and the Settlement Group.

6. The Settlement Agreement provides for a full and final resolution of this Litigation, subject to the approval of the Court and the entry of this Order Approving Settlement.

7. The Court scheduled a Final Approval Hearing to consider approval of the Settlement.

8. The Court's Preliminary Approval Order directed that Notice be given to the Settlement Group pursuant to the Notice Program proposed by the Parties and approved by the Court.

9. In accordance with the Court's Preliminary Approval Order and the Court-approved Notice Program, the parties caused the Settlement Notice to be mailed to the last known address of all identified potential Settlement Group Members, along with copies of the Settlement Claim Form, instructions on how to submit Settlement Claim Forms and a self-addressed postage-paid envelope to each of the putative Settlement Group Member. The Settlement Notice advised Settlement Group Members of the background of the Litigation and terms of the proposed Settlement; of the Final Approval Hearing; of their right to opt-in to the FLSA collective action through written consent; of procedures for

exercising such rights; of procedures and deadlines for submitting Settlement Claim Forms under the Settlement Agreement; and the scope of the Release.

10. In accordance with the Court's Preliminary Approval Order and the Court-approved Notice Program, the parties caused Reminder Notices to be mailed to those Settlement Group members who had not returned the Settlement Claim Form to opt-in to the collective action settlement.

11. The Notice Program provided to the Settlement Group constitutes the best and most practicable notice under the circumstances. The Notice Program was designed to provide notice in the manner most likely to be received and read by the Settlement Group. The Settlement Group received valid, due, and sufficient notice that complied fully with the Constitutional requirements of due process.

12. The Court finds, after a hearing and based upon all submissions of the Parties and interested Persons, that the Settlement proposed by the Parties is fair, reasonable, and adequate as to the Settlement Group. The terms and provisions of the Agreement are the product of lengthy, arms-length negotiations. Approval of the Settlement Agreement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, DECREED, and ADJUDGED:

1. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Group and in full compliance with all

applicable requirements of the Fair Labor Standards Act, the United States Constitution (including the due process clause), and any other applicable law. The Notice Program complies in all respects with the requirements of Constitutional due process by providing due, adequate, and sufficient notice to the Settlement Group. The Parties are ordered to effectuate the Settlement in accordance with the terms of the Settlement Agreement. The terms of the Settlement Agreement are fully incorporated into this Order as if set forth fully herein.

    2.    The Plaintiff, on behalf of himself and his respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns, and each Settlement Group Member on behalf of himself/herself and his/her respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns hereby forever release, discharge, and covenant not to sue Defendant (as defined in Settlement Agreement, Section 3.23 "Releasees") with respect to any and all wage and hour claims under federal, state, or local laws arising up to the date on which the Court grants preliminary approval, including, but not limited to, those claims arising under the Fair Labor Standards Act, and any other claim for unpaid benefits or overtime, improper deductions, failure to reimburse expenses, failure to make any payments that are derivative of, or in any way related to, any wage and hour, overtime, benefits or other claims based on the Settlement Group Members' alleged misclassification as independent contractors; any other claim allegedly arising from the Settlement Group Members' alleged misclassification as independent contractor while performing services under a Distributor Agreement with Martin's or any predecessor

entity; and any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described above under applicable federal, state or local laws, statutes, or regulations.

3. The Releasees are hereby forever released and discharged from any and all of the Released Claims. The Releasing Parties are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties.

4. The Settlement Agreement, this Order, and the accompanying Final Judgment, or the fact of the Settlement Agreement, may not be used by anyone for any purpose inconsistent with this Settlement Agreement, or introduced in any way as evidence, to show or establish any misconduct, or improper practices, plans, or policies, or any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in this Court that has as its purpose the enforcement of the Settlement Agreement, this Order, and the accompanying Final Judgment.

5. Plaintiff and Class Counsel may not cite this Settlement Agreement in any other action or proceeding.

6. No opinions concerning the tax consequences of the Settlement to Settlement Group Members have been given, and no representations or warranties regarding such tax consequences are made in the Settlement Agreement. The Parties and their respective counsel shall not be liable to any Party or Person for any tax

consequences that result from the implementation of this Settlement. Settlement Group Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments or credits provided or relief awarded under the Settlement and any tax reporting obligations with respect to it.

7. The Court hereby dismisses with prejudice this Litigation and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others, except as otherwise provided in this Order and the accompanying Final Judgment.

8. The Court reserves jurisdiction over the implementation, administration, and enforcement of this Order, the accompanying Final Judgment, the Settlement Agreement, and all other matters that the Court may deem ancillary thereto. Nothing in this Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this Order or the accompanying Final Judgment preclude Plaintiff or Settlement Group Members from participating in the Claims process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

9. Any appeal that is limited to the award of Attorneys' Fees and Expenses to Class Counsel shall not affect the finality of this Order or delay the Effective Date.

10. The Parties and their counsel are hereby directed to implement the Settlement Agreement according to its terms and provisions.

11. The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Settlement Agreement, including without limitation, the forms to be used in the Claims process, that are consistent with this Order and do not limit the rights of Settlement Group Members under the Agreement.

12. The Court will separately enter an accompanying final judgment in accordance with Federal Rule of Civil Procedure 58.

13. A list of Released Parties is attached hereto as Exhibit A.

IT IS SO ORDERED.

Dated: January 28, 2020        /s/
                               The Honorable Michael P. Shea
                               United States District Judge

# Exhibit A

## Qualified Claimants

The following Settlement Group Members opted into the FLSA collection action on or before January 6, 2020, and are therefore Qualified Claimants:

**Name**
David Smelser
Michael Virkler
Rick Williams
Brian Peters
Alvaro Pedro
Peter Neckles
Salvador Martinez
Gregory Martin
Steve Lanham
Daniel Griffin
Anthony Catana
Robert Bowers, Sr.
Michael Quartaro
James Porter
Paul Aust
Rodolfo Pena