UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID SMELSER, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>-v-<br><br>MARTIN'S FAMOUS PASTRY SHOPPE, INC.,<br><br>Defendant. | Civil Case No. 3:17-cv-01813-MPS<br><br><br><br><br><br>January 28, 2020 |

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS, AND PAYMENT OF SERVICE AWARD

WHEREAS Plaintiff David Smelser, individually and on behalf of each of the Settlement Group Members, through his attorneys, has made an application, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) for an award of attorneys' fees and costs, and payment of a Service Award; and

WHEREAS the Court held a Final Approval Hearing on January 27, 2020, at which all interested Persons were given the opportunity to be heard; the Court having heard and considered all submissions in connection with the Motion for an Award of Attorneys' Fees, Reimbursement for Expenses, and Service Award Payment, the lack of opposition from Defendant, the lack of objections filed by Settlement Group Members; and all other relevant factors;

Now, therefore, The Court hereby makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On August 28, 2018, Plaintiff David Smelser entered into a Settlement Agreement, on behalf of himself and on behalf of each of the purported Settlement Group Members, with Martin's Famous Pastry Shoppe, Inc. ("Martin's" or "Defendant"). (Dkt. 47.)

2. On July 10, 2019, the Court issued an order denying Plaintiff's Unopposed Motion to Approve Settlement without prejudice. (Dkt. 58.)

3. On September 9, 2019 and based on the Court's Order, the Parties filed a joint motion and memorandum in support of Preliminary Approval of this collective action settlement, which included the Parties' motion for conditional certification of the Settlement Group, appointment of Class Counsel, approval of Notice to Settlement Group Members, and the scheduling of a Final Approval Hearing on the proposed Settlement. (Dkt. 61.) This Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement unless set forth differently herein.

4. On November 6, 2019, the Court granted Preliminary Approval. [Dkt. No. 62.] By its Order, the Court directed notice to all proposed Settlement Group Members, appointed named Plaintiff David Smelser as Settlement Group Representative, and appointed Mr. Wanta, Mr. Massie and Mr. Hayber and their firms as Class Counsel to represent the Settlement Group. [Dkt. No. 62.]

5. Notice has been provided to the Settlement Group in accordance with the Preliminary Approval Order, disclosing the maximum amounts that Class Counsel would seek in attorneys' fees and expenses, and that the Class Representative would seek as a Service Award.

6. Pursuant to the Preliminary Approval Order, any intent by a Settlement Group Member to be heard orally with respect to approval of the application for Class Counsel's attorneys' fees, reimbursement for expenses, or payment of the Service Award was required to provide written notice of that intent by the Settlement Claims Deadline of January 6, 2020 by filing such notice on the Docket. By January 6, 2020, no Settlement Group Member provided notice of the same.

7. The Court held a Final Approval Hearing on January 27, 2020, at which all interested persons were given the opportunity to be heard. There were no submissions or objections from Settlement Class Members regarding Class Counsels' attorneys' fees, reimbursement for expenses, or the payment of Incentive Awards to the Class Representatives.

8. The Court issued an Order Approving the Collective Action Settlement on January 28, 2020, fully and finally approving the Settlement as fair, reasonable, and adequate, finally certifying the Settlement Group.

9. Class Counsel have expended substantial time and effort in their prosecution of claims on behalf of Plaintiff and the Settlement Group.

10. Plaintiff is entitled to his reasonable attorneys' fees, which Defendant agreed not to oppose, in the amount of $175,000. This amount includes reasonable expenses incurred by Plaintiff and Class Counsel in the litigation. Plaintiff's fee and expense request is reasonable under the lodestar method, given that: (a) the number of hours that Class Counsel devoted to the litigation is reasonable; (b) Class Counsel's hourly rates are reasonable; and (c) Plaintiff's requested fee is reasonable considering the benefit obtained for the class; and (d) the quality of representation.

11. The Class Representative initiated the Litigation, acted to protect the Settlement Group, and assisted Class Counsel throughout settlement negotiation and ligation. His efforts have produced an Agreement entered into in good faith that provides a fair, reasonable, adequate, and certain result for the Settlement Group.

12. The Class Representative is entitled to a Service Award agreed upon by Defendant, in the amount of $2,500, for his effort and time in these proceedings.

## CONCLUSIONS OF LAW

Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the Court makes the following conclusions of law:

1. The Fair Labor Standards Act provides that a court shall "allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

2. In deciding an appropriate fee under the lodestar method, courts may consider a number of factors, including the number of hours spent by counsel; counsel's reasonable hourly rate; the contingent nature of success; the quality of the attorneys'

work; and evidence of arms-length negotiation of a certain amount of fees. *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)).

3.  Small service awards promote the public policy of recognizing the risks incurred by named plaintiffs and compensating them for their additional efforts. encouraging individuals to undertake the responsibility of representative lawsuits. *See, e.g, Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 Civ. 7670, at *1 (BSJ) (JCF), 2010 WL 532960 (S.D.N.Y. Feb. 9, 2010).

**ORDER**

NOW, THEREFORE, good cause appearing, it is hereby ordered, decreed, and adjudged:

1.  This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Settlement Group Members who have opted-in to the federal collective action.

2.  Due and adequate notice of the maximum attorneys' fees and expenses that Class Counsel would request was directed to all persons who were reasonably identifiable purported Settlement Group Members, advising them of their right to object thereto or request exclusion.

3.  The Court hereby awards Class Counsel the requested attorneys' fees and expenses in the amount of $175,000. For the reasons stated above, the Court finds that the amount of fees and expenses is reasonable under the lodestar method.

4.     The Court further awards the Named Plaintiff and Class Representative a Service Award in the amount of $2,500. For the reasons stated above, the Court finds that this amount is reasonable in light of Plaintiff's service in these proceedings.

5.     Defendant is ordered to pay $175,000 to Class Counsel as reasonable attorneys' fees and expenses incurred in this Litigation. Such fees and expenses shall be paid by Defendant to Class Counsel within ten (10) days after the Entry of Order Approving Settlement.

6.     Defendant is ordered to pay $2,500 to the Class Representative as a Service Award for services provided to the Settlement Group. Such payment shall be made to the Class Representative and delivered to Class Counsel within ten (10) days after the Effective Date.

7.     All such payments are to be made in accordance with the provisions of the Agreement.

IT IS SO ORDERED.

Dated: January 28, 2020                             /s/
                                                 The Honorable Michael P. Shea
                                                 United States District Judge